Debora CAROLINA; Reza Agusta Irfansyah; Bernadus Boyke, Petitioners,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 04–73570.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Oil, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW and IKUTA, Circuit Judges.

MEMORANDUM **

Debora Carolina, and her brothers, Reza Agusta Irfansyah and Bernadus Boyke ("petitioners") are natives and citizens of Indonesia. They petition for review of the Board of Immigration Appeals' order summarily affirming an Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the IJ's decision because the threats made against the petitioners and the attempts by petitioners' father to convert them to Islam do not rise to the level of past persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1015–18 (9th Cir.2003). Substantial evidence also supports the IJ's conclusion that petitioners do not have a well-founded fear of future persecution. *See Prasad v. INS,* 47 F.3d 336, 338–340 (9th Cir.1995); *cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir. 2004). Accordingly, petitioners are not eligible for asylum.

Because petitioners fail to establish eligibility for asylum, they necessarily fail to qualify for the higher standard under withholding of removal. *See Prasad,* 47 F.3d at 340.

Finally, substantial evidence supports the denial of CAT relief because it is not more likely than not that petitioners will be tortured if returned to Indonesia. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**